UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Polly O., | Case No. 20-cv-1820 (ECT/ECW) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Kilolo Kijakazi, Acting Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act ("EAJA"). (Dkt. 26.) Plaintiff originally sought attorney's fees under the EAJA in the amount of $9,225.00[1] and costs in the amount of $500. (*Id.* at 5.) The Commissioner of Social Security ("Defendant" or "the Commissioner") has filed a response objecting to the amount of fees requested as unreasonable and requesting that the fees be reduced to $7,462.00.[2] This case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that Plaintiff's Motion be granted.

---

[1] As set forth below, Plaintiff now seeks fees for an additional 2.1 hours of time spent on a reply brief in support of attorney's fees under the EAJA in response to the Commissioner's opposition.

[2] The Commissioner does not object to the $500 in claimed costs. (Dkt. 30 at 7.)

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On August 20, 2020, Plaintiff filed this case seeking judicial review of a final decision by Defendant denying her application for disability insurance benefits. As part of her motion for summary judgment, Plaintiff challenged the Administrative Law Judge's ("ALJ") finding that she is not disabled. On December 16, 2021, this Court issued a Report and Recommendation recommending that Plaintiff's motion for summary judgment be granted in part and ordering that the case be remanded back to the ALJ. (Dkt. 20.) The Report and Recommendation was adopted by United States District Judge Eric C. Tostrud on January 6, 2022. (Dkt. 22.)

## II.   ANALYSIS

**A.   Legal Standard**

"It is the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 415 (1978) (citation omitted). Congress has provided for limited exceptions to the general rule. *Id*. The EAJA is one of those exceptions. The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of the action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Under the EAJA:

[A] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in [sic] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B). Any attorney's fees awarded under the EAJA must be reasonable. *See* 28 U.S.C. § 2412(b). A plaintiff is also entitled to the reasonable fees incurred in preparing the EAJA petition itself. *See Commissioner, INS v. Jean*, 496 U.S. 154, 162-163 (1990).

Attorney's fees are not to be awarded under the EAJA merely because the Government lost the case. *See Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991) (citations omitted). However, Plaintiff is entitled to fees unless the Government's position was substantially justified. *See Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003). The Government bears the burden of proving substantial justification for its position in the litigation. *Id.* Here, the Government is not claiming that its position was substantially justified; rather it claims that the fees claimed by Plaintiff's counsel are unreasonable. (*See* Dkt. 30.) The Court therefore needs to determine how many hours were reasonably spent and award attorney fees accordingly. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("The district court also should exclude from this initial fee

3

calculation hours that were not reasonably expended.") (cleaned up).  The fee applicant has the burden of showing that the fees sought are reasonable.  *See Hensley*, 461 U.S. at 437.

**B.    Reasonableness of Fees and Costs**

   **1.    Appropriate Hourly Rate**

Plaintiff, through the motion of her counsel, as well as the supporting exhibits, requests fees in the amount of $9,225.00, calculated at the rate of 45 hours × $205.00/hour.  (Dkt. 27 at 3-4.)  Plaintiff's counsel asserts that the $205.00 per hour billing rate is consistent with the Consumer Price Index ("CPI").  (Dkt. 26 at 2.)  Defendant does not object to the $205.00 per hour rate.  (Dkt. 30 at 2.)

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A)(ii).  The Eighth Circuit has concluded that this language means "that 'the district court may, upon proper proof, increase the ... rate for attorney's fees to reflect the increase in the cost of living . . . .'"  *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (quoting *Kelly v. Bowen*, 862 F.2d 1333, 1336 (8th Cir. 1988) (citations omitted)).  The CPI constitutes "'proper proof' of the increased cost of living since the EAJA's enactment and justifies an award of attorney's fees greater than [that provided for by the EAJA]."  *Id*. (citations omitted); *see also Kelly*, 862 F.2d at 1336 (citations omitted).  The cost of living adjustment is calculated by multiplying the standard EAJA rate by the CPI for each year attorney's fees are sought, and then dividing the product by the CPI in the month that the cap was

4

imposed, in this case 155.7 for March of 1996, the year the new statutory cap of $125 was put into place. *See Knudson v. Barnhart*, 360 F. Supp. 2d 963, 974 (N.D. Iowa 2004). As stated previously, the Commissioner does not dispute the hourly rate or number of hours Plaintiff's counsel claims, and $205.00 per hour is a reasonable rate based on the cost-of-living adjustment for the period of time the work was performed. *See* Bureau of Labor and Statistics, *CPI Inflation Calculator*, https://www.bls.gov/data/inflation_calculator.htm (lasted visited May 24, 2022).

2.   **Reasonableness of the Time Expended by Plaintiff's Counsel**

The Court has reviewed the itemized time records for the work performed in this case (Dkt. 27). Plaintiff's counsel asserts that he expended 49.1 hours, but as an act of billing discretion, only seeks EAJA fees for 45.0 of the hours actually expended winning Plaintiff's appeal. (Dkt. 27 at 3-4.)

The Commissioner objects to what she claims is an excessive number of attorney hours ("well above the average EAJA award") for which Plaintiff seeks compensation and corresponding total fees requested, especially in light of the Commissioner's argument that the issues in this case were not novel or complex. (Dkt. 30 at 2-3 (citing *Bergstrom v. Astrue*, No. 10-4911 (SRN/JJG), 2011 WL 4436167, at *2 (D. Minn. Sept. 14, 2011)) (other citations omitted).) The Commissioner also asserts that the 769-page administrative record in this case included only 453 pages of medical evidence and, thus, was no longer than the typical administrative record in most cases and shorter than many. (*Id.* at 4.)

To begin with the question of how much time cases should take generally, the Court does not view more than 40 hours as per se unreasonable; indeed, "[a]wards just outside of [20 to 40 hours] are also not uncommon." *Dianna L. B. v. Saul*, No. 19-CV-2561 (TNL), 2021 WL 733995, at *2 (D. Minn. Feb. 25, 2021) (collecting cases). Regarding this case specifically, the Court notes that counsel did not represent Plaintiff in the underlying administrative proceedings (Dkt. 31 at 3) and was required to review and analyze a lengthy administrative record, and the Court accordingly concludes that a total of 45 hours is not unreasonable. *See Stockton v. Shalala*, 36 F.3d 49, 50 (8th Cir. 1994) (finding that, in "a straightforward social security disability case that did not involve particularly difficult or complex issues," 46.05 attorney hours was reasonable, in addition to 51.8 paralegal hours); *Dang Chang v. Berryhill*, No. 15-CV-4496 (ADM/HB), 2017 WL 2773539, at *2 (D. Minn. May 31, 2017), *R.&R. adopted*, 2017 WL 2773524 (D. Minn. June 26, 2017) (finding "the circumstances of this case to warrant the additional twelve hours over the alleged 'upper limit' of forty hours" where, among other circumstances, counsel did not represent plaintiff in administrative proceedings and plaintiff cited several cases granting fees for more than 50 hours of work, even though the record was only 540 pages); *Fishbaugher v. Astrue*, No. 11-cv-1252 (MJD/JJK), 2012 WL 4711585, at *2-3 (D. Minn. Oct. 3, 2012) (holding that 47.9 hours of legal representation was reasonable in a case involving a 640 page administrative record).

The Commissioner also argues that the time expended is excessive because "Plaintiff's brief also raised only three straightforward issues commonly raised in such cases." (Dkt. 30 at 4.) Even where the issues in a Social Security appeal "are frequently

litigated issues, their prevalence does not necessarily mean the time Plaintiff's counsel spent briefing them in this case was excessive." *Cheryl J. v. Saul*, No. 18-CV-1292 (TNL), 2020 WL 2554623, at *3 (D. Minn. May 20, 2020) (collecting cases); *see also Dianna L. B.*, 2021 WL 733995, at *2 (similar). The Court notes that Plaintiff asserted as part of her motion for summary judgment that remand was required because (1) the ALJ failed to identify, address, and explain the resolution of the apparent conflict between the vocational expert's testimony and the DOT with respect to the act of reaching; (2) the ALJ failed to include mental limitations she found credible in her residual functional capacity (and hypothetical question to the vocational expert); and (3) the ALJ made significant legal errors in evaluating the severity of Plaintiff's admittedly medically determinable impairments involving functional neurological symptom disorder (also referred to by Plaintiff as "conversion disorder"), bilateral carpal tunnel syndrome, fibromyalgia, and the incontinence caused by her dyssynergic defecation. The Court notes that the third issue, regarding the severity of impairments, required the analysis and the examination of the record with respect to at least four separate medical conditions. The Court concludes that the time claimed by Plaintiff's counsel is not unreasonable in light of the issues and administrative record in the case.[3]

Plaintiff filed a reply brief to Defendant's Objection to Plaintiff's Motion for Attorney's Fees under the EAJA. Plaintiff seeks an additional two and one-tenth (2.1)

---

[3] The Court notes that even if the Court were inclined to find that the amount of time spent by Plaintiff's counsel was excessive, which it does not, Defendant's various proposed deductions appear arbitrary with the sole goal of getting the total amount of time under 40 hours.

hours for the time Plaintiff's counsel spent on that reply. (Dkt. 31 at 6.) This Court recommends that Plaintiff be awarded the additional 2.1 hours in fees spent on the reply brief to the EAJA application.[4] *See Kelly v. Brown*, 862 F.2d 1333, 1334 (8th Cir. 1988) (citations omitted) (holding that "the reasonable attorney's fee that an attorney is entitled to recover under the EAJA should include the reasonable time spent by counsel preparing the EAJA fee application"); *Lorence v. Astrue*, No. 09-473 (DWF/SRN), 2010 WL 1544287, at *4 (D .Minn. Apr. 12, 2010) (awarding 2.1 hours for time spent on a reply brief regarding attorney's fees under the EAJA).

**C.     Conclusion**

Based on the above, the Court recommends an award of **$9,655.50** in attorney's fees (45 hours originally requested + 2.1 hours for the EAJA reply brief) x $205.00/hour to Plaintiff and $500 in costs.

### III.     RECOMMENDATION

Based on the Motion, and all the files, records, and proceedings herein, **IT IS RECOMMENDED** that:

1. Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act (Dkt. 26) be **GRANTED** and Plaintiff be **AWARDED $9,655.50** for reasonable attorney's fees under the EAJA and **$500** in costs from the Judgment Fund.

---

[4] In future, Plaintiff's counsel should submit a declaration as to the fees incurred in connection with the reply brief.

2.	In accordance with the EAJA and *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA fee award and costs be payable to Plaintiff as the litigant and subject to offset to satisfy any preexisting debts that the litigant may owe to the United States.

DATED: May 25, 2022                                       *s/Elizabeth Cowan Wright*
                                                                              ELIZABETH COWAN WRIGHT
                                                                              United States Magistrate Judge

## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).